STATE OF MINNESOTA Appellant *vs.* JOSEPH MONNIER, Defendant.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

The maker of a promissory note obtained it from the holder, and wrote upon the back of it, "Received the sum of forty-six dollars, Louisville, 21st January, 1860." *Held,* that such act did not constitute the crime of forgery.

Points and Authorities for Appellant.

I.—The fraudulent making or alteration of a writing to the prejudice of another's right; the endeavor to give an appearance of truth to a mere deceit and falsity; any fraudulent alteration, whereby a new operation is given to an instrument —constitutes forgery. 1 *Bouvier's Law Dic.,title* "*Forgery*"; 2 *Russell on Crimes,* 319-336.

II.—The indictment sufficiently shows the ownership of the note, if this indeed were necessary. The note is set forth payable to Groshomy, from whose possession it was obtained, by the Defendant, fraudulently.

Possession by the payee is always sufficient evidence of ownership.

The allegation that a party is the legal owner and holder of a promissory note, is an averment of a conclusion of law merely.

III.—The averment that " the note was fraudulently obtained from the payee, and that the Defendant feloniously, and with intent to defraud the said Groshomy, did write and. forge," sufficiently indicates want of authority from the owner, and the fraudulent character of the act, which is the gist of the offence. 2 *Russell on Crimes,* 372.

IV.—The instrument alleged to be forged, and the translation, is sufficiently set forth. *Russell on Crimes,* 374, 375.

Points and Authorities for Defendant.

I.—Said indictment does not state sufficient facts to constitute a public offence.

II.—It does not show that at the time of the alleged forgery Charles Groshomy was the owner of the note.

III.—It does not show that Monnier had no authority from the owner of the note to make the said indorsement.

IV.—The translation of the receipt or alleged forgery in the French language, into the English language, is inaccurate and insufficient.

V.—It does not allege or state that the sum of $46 was not paid at the time and place mentioned in the indictment.

G. E. Cole, Attorney. General.

L. M. Brown and Thos. B. Hunt, Counsel for Defendant.

*By the Court.*—Flandrau, J.—The Defendant was indicted by the Grand Jury of Scott County, for the crime of forgery. The substance of the charge is, that the Defendant had executed his promissory note to Charles Groshomy, or order, for one hundred dollars, and afterwards, feloniously, and with intent to defraud the said Groshomy, he obtained the note from Groshomy, and wrote upon the back of it, in the French language, words, which translated mean, " Received the sum of forty-six dollars, Louisville, 21st January, 1860." The indictment was demurred to by the Defendant, as not charging sufficient facts to constitute the crime of forgery. We think the demurrer was well taken, and should have been sustained.

We had occasion recently, in the case of Orlando B. Turrell *vs.* Caleb Morgan, (7 *Minn..* 368,) to consider the force and effect of endorsements of payment upon promissory notes, and to review, to some extent, the authorities upon the point. It was our conclusion, in that case, that the endorsement formed no part of the note necessarily. That the holder of the note might give it in evidence, without offering the endorsements at all. And that if the maker desired to use the

endorsements for the purpose of proving payments, and, as in this case, they were not signed by any one, he would be compelled to prove the hand-writing of the holder, or if the endorsement was not in his writing, the authority from the holder for the person who made it, to place it there. And, on the other hand, if the holder of the note desired to use an endorsement for his own benefit, as for instance, to take the note out of the operation of the statute of limitations, he would be obliged to prove, either the actual payment if the endorsement was in his own hand, or that it was placed there by the maker, or with his authority. An endorsement on a note of a payment, not signed, is of no benefit or injury to any one. It is no evidence of anything, unassisted by other proof. Having fully considered the principles which must govern the decision of this case, in the one above cited, we do not deem it necessary to do more than to refer to them here.

The indictment must be quashed.